NO. 07-04-0022-CR


NO. 07-04-0023-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 22, 2004


______________________________



RANDOLPH NEDEDOG RIVERA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NOS. 13,222-A and 13,223-A; HON. HAL MINER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 The State of Texas accused appellant, Randolph Nededog Rivera, via two separate
indictments, of indecency with a child. Upon trial by jury of the consolidated cases, he was
found guilty of both crimes. Two issues are presented for our review. We overrule each
and affirm the judgment for the reasons given below.

 Issue One

 The first issue, which has two sub-parts, involves whether the trial court erred in
exempting the State's expert witness from application of the Rule and also allowing the
individual to later testify as an expert without first conducting a Daubert hearing. As to the
failure to exclude the witness once the Rule was invoked, appellant uttered no objection.
So, the complaint was not preserved. Tex. R. App. P. 33.1(a) (requiring an objection to
preserve error).

 Regarding the second part of the first issue, the record discloses that the trial court
actually did convene a hearing to determine the reliability of the expert and his expected
testimony. Apparently, this was done by the court sua sponte. The record does not reveal
that appellant requested the proceeding or objected to the potential testimony before the
trial court itself broached the matter. Moreover, appellant examined the witness through
voir dire before the trial court found him to be an expert and sought to ask further questions
to "make my record" after the court's ruling. Yet, at no time did appellant specifically
contend either that the witness was not an expert or that his theories were unreliable. Nor
did he specify the requirements of Daubert that he felt went unsatisfied, if any. Instead,
counsel asserted that "we're going to further object to this testimony on the basis . . . of
Rule 608 . . . [and] . . . on the basis of Rule 404(a)," neither of which grounds concern
Daubert. (1) In omitting to specifically include the ground now asserted in his objections
below and because the complaint was not apparent from the context of those objections,
sub-part two of issue one was not preserved for review. See Gregory v. State, 56 S.W.3d
164, 182 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd), cert. denied, 538 U.S. 978,
123 S.Ct. 1787, 155 L.Ed.2d 667 (2003) (stating that an objection based merely on
"Daubert" is a general objection to an improper predicate that fails to inform the court about
how the predicate is deficient and does not preserve error).

 Issue Two

 In his second issue, appellant contends the trial court erred in allowing witness Jeff
Tomlinson to testify, during the punishment phase, about an extraneous offense that
occurred some 20 years earlier. The testimony is allegedly inadmissible since 1) the
military deemed the evidence of its occurrence "insignificant" (appellant apparently was in
the military when the accusation arose) and 2) too much time lapsed since its purported
occurrence. However, at trial, appellant argued that the evidence was inadmissible not for
the reasons proffered before us but because it was obtained illegally and in violation of his
rights to privacy. Given that the objections asserted now do not comport with those uttered
below, the issue before us was not preserved for review. Wilson v. State, 71 S.W.3d 346,
349 (Tex. Crim. App. 2002). 

 Accordingly, the judgments of the trial court are affirmed.


 Brian Quinn

 Justice

 

Do not publish.

 
1. Rule of Evidence 608 deals with the impeachment of a witness' credibility through evidence of
opinion or reputation. Rule 404(a) concerns the exclusion of evidence touching upon a person's character.